

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD COMANN
XOXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable W.F. Waldrop
County Auditor
Sherman, Texas

Dear Sir:

Opinion No. O-3814
Re: Method of Transferring scholastic
enrollment.

We have your letter of July 24, 1941, requesting our opinion in response to the following question:

"Which of the following should have approval under H.B. No. 284, Article 8, Section (1) and (2), 47th Legislature, Regular Session 1941.

"1. Agreement signed by the Board of Trustees of the district concerned to transfer its entire scholastic enrollment for one year to an accredited school of higher rank.

"2. Petition signed by a majority of the qualified voters and a majority of the parents of the children of the district concerned to transfer its entire scholastic enrollment for one year to an accredited school of higher rank.

"For your information the above agreement signed by the Board and the petition signed by the qualified voters would be to transfer the same district to different schools of higher rank."

Section 1 of Article 8, H.B. 284, 47th Legislature, reads,

"For the school year 1941-42, upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the County Superintendent, State Superintendent, and Joint Legislative Advisory Committee, the trustees of a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment, or any number of grades thereof, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State Aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary shall be used in carrying out said agreement; provided that no aid shall be allowed for teachers that are not actually employed in the contracting schools."

As we read the above provision of H.B. 264, a transfer of enrollment may be made by the board of trustees of the sending district in either of two events, to-wit: (1) upon an agreement for such transfer to be made signed by the board of trustees of each of the districts to be affected, that is, the sending district and the receiving district, or (2) upon a petition signed by a majority of the qualified voters of the (sending) district, which to be effective must be approved by the County Superintendent, the State Superintendent and the Joint Legislative Advisory Committee. No other method of bringing about a transfer is provided.

The first instrument mentioned by you is evidently signed by the board of trustees of the sending district, but not by the trustee s of the receiving district. Hence, it cannot be approved or given effect.

We will now consider the second document mentioned by you. When you ask which of the instruments should have approval, we are somewhat at a loss to understand just what you mean, that is, whether you mean approval by the county Superintendent or some other authority. Assuming that the petition is in proper form it may be approved by the County Superintendent, and the State Superintendent may also approve it, followed by the Joint Legislative Advisory Committee. If it bears the approval of each of those authorities the board of trustees of the sending district may then order the transfer. While the consent or approval of the board of trustees of the sending district is not a necessary prerequisite to approval by the County Superintendent, the State Superintendent and the Advisory Committee, nevertheless, in the final analysis, the transfer cannot be consummated without the order of the board of trustees of the sending district to that effect. We trust this will be sufficient for you in response to your question as it relates to the petition. We are sending you a copy of our Opinion No. O-3764 on a similar question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:db:wc

APPROVED AUG 7, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By a/BG Chairman